UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOH S.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C18-918 MLP

ORDER AFFIRMING THE COMMISSIONER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing medical opinions, assessing Plaintiff's testimony, and assessing lay witness testimony.[1] (Dkt. # 16.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] Plaintiff alleges the ALJ erred in assessing lay witness testimony, however, he fails to present any argument and has therefore waived this argument. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *see also Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

ORDER AFFIRMING THE COMMISSIONER - 1

## II. BACKGROUND

Plaintiff was born in 1985, has a GED, and has worked as a cook and stocker. AR at 319, 324, 329. Plaintiff was last gainfully employed in 2005. AR at 323.

On October 2, 2014, Plaintiff applied for benefits, alleging disability as of October 25, 1998.[2] AR at 15, 276. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR at 187-90, 194-96, 200. After the ALJ conducted hearings on November 17, 2016 and January 26, 2017, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-33.

Utilizing the five-step disability evaluation process,[3] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since October 2, 2014.[4]

Step two: Plaintiff has the following severe impairments: attention deficit hyperactivity disorder (ADHD); depressive disorder; anxiety related disorder vs. post-traumatic stress disorder (PTSD); cognitive disorder vs. neurocognitive disorder due to traumatic brain injury (TBI); drug and alcohol addiction; personality disorder; learning disorder vs. borderline intellectual functioning (BIF).

Step three: These impairments do not meet or equal the requirements of a listed impairment.[5]

Residual Functional Capacity: Plaintiff can perform medium work as defined in 20 CFR 416.967(c) including the ability to do the following: he can occasionally balance, stoop, kneel and crouch. He can never climb or crawl. He must avoid concentrated exposure to vibrations and hazards. He can perform simple, routine tasks and follow short, simple instructions. He can do work that needs little or no judgment, and perform simple duties that can be learned on the job in a short period. He requires a work environment with minimal supervisor contact ("Minimal contact" does not preclude all contact, rather it means contact does not occur regularly. "Minimal contact" also does not preclude simple

---

[2] The ALJ found Plaintiff's alleged onset date was within a previously adjudicated period for prior disability applications. AR at 15. The ALJ found the prior determinations were administratively final and declined to re-open the prior claims. *Id.* Accordingly, the ALJ found the alleged onset date to be May 9, 2014. *Id.*
[3] 20 C.F.R. § 416.920.
[4] The ALJ noted Plaintiff's updated earnings history showed his last reported income was in 2005, however, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 2, 2013, the application date for SSI. AR at 18.
[5] 20 C.F.R. Part 404, Subpart P. Appendix 1.

and superficial exchanges, and it does not preclude him from being in proximity to the supervisor.) He can work in proximity to co-workers but not in a cooperative or team effort. He requires a work environment that is predictable and with few work setting changes. He requires a work environment without any public contact.

Step four: Plaintiff does not have any past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 18-33.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 3-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 16.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

#### *1. Legal Standards*

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. § 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ

may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

### 2. The ALJ Provided Several Clear and Convincing Reasons for Discounting Plaintiff's Testimony

Plaintiff alleges the ALJ erred in assessing his testimony by merely asserting a generic statement that Plaintiff's symptoms are not consistent with the record. (Dkt. # 16 at 2-3.) The Court finds Plaintiff's argument unpersuasive as it ignores the multiple legally sufficient reasons, with specific examples, for discounting Plaintiff's testimony provided by the ALJ after his alleged generic statement.

With regard to Plaintiff's mental health, the ALJ found the record was inconsistent with Plaintiff's allegations that he lacked the concentration and memory required to complete even routine tasks. AR at 23, 59-61. The ALJ noted that on a mental status exam, Plaintiff was on time, dressed appropriately, had adequate hygiene and grooming, and had fluid and purposeful motor movements. *Id.* at 23, 681. Plaintiff spoke clearly, was cooperative, had normal affect, good fund of knowledge, and made good eye contact. *Id.* The ALJ also noted that when Plaintiff complied with mental health treatment, he made progress. *Id.* at 23, 486-90. Further, the medical records consistently reported that Plaintiff was alert, oriented x3 or x4, had appropriate mood and affect, and had an intact memory. *Id.* at 23, 460, 484, 567, 650, 663, 688-89. The ALJ reasonably considered inconsistencies between Plaintiff's testimony and the record. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir.2001) (ALJ appropriately considers inconsistency with the evidence and a tendency to exaggerate in rejecting a claimant's testimony).

The ALJ also found other inconsistencies between Plaintiff's testimony and the record reduced the persuasiveness of Plaintiff's allegations. AR at 23. The ALJ noted Dr. Owen J. Bargreen's report stated that he had "some concern" regarding Plaintiff's self-reporting because Plaintiff stated he had not been intoxicated for twelve years, yet later stated he had three shots of whiskey a few days prior. *Id.* at 471. The ALJ also noted Plaintiff had conflicting testimony regarding paying rent. *Id.* at 24. The ALJ further found Plaintiff's allegations regarding back pain were inconsistent with the Cooperative Disability Investigation Unit investigator's observations of Plaintiff riding a bicycle. *Id.* at 447. The ALJ found Plaintiff worked as a handyman, performed yard work, and assisted his disabled roommate which were inconsistent with his allegations of severe impairment. *Id.* at 24, 503, 514, 648-49, 662, 693.

Accordingly, the ALJ properly identified several clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony.

### B. The ALJ Did Not Err in Evaluating Medical Opinion

#### *1. Legal Standards for Evaluating Medical Opinion*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn*, 495 F.3d at 631. A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary of

the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

### 2. Dr. Bridget C. Cantrell, Ph.D.

The ALJ considered Dr. Cantrell's opinion and gave it slight weight. AR at 28. The ALJ found her opinions that Plaintiff has marked mental limitations and a GAF score of 38 directly conflicted with Plaintiff's daily routine and work activity. *Id.* at 28, 741-44. As an example, the ALJ cited to Plaintiff's report that he has "melt downs" where he "gets very much out of control…yells and rages when he gets overly frustrated…does his best not to break things," and engages in "self-harm behaviors by hitting his head on surfaces and by running into walls," which the ALJ found conflicted with his ability to work as a handyman. *Id.* at 28, 741. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 601–02 (9th Cir. 1999). As discussed above, in addition to working odd jobs as a handyman, Plaintiff also did yard work, rode bicycles, and cared for his disabled roommate. This was a specific and legitimate reason to give Dr. Cantrell's opinion slight weight.

The ALJ also found Dr. Cantrell's opinion relied heavily on Plaintiff's subjective allegations, and that it appeared Plaintiff withheld his work activity from Dr. Cantrell. AR at 28. The ALJ noted that he considered Plaintiff's GAF score, but gave it little to no weight because it was based on Plaintiff's subjective reports regarding his impairments rather than an objective

analysis. *Id.* An ALJ may reject a medical source's statement opinion if it is "based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted); *see also Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir. 1997) ("Inasmuch as the ALJ found that Sandgathe's self-reports were exaggerated, the ALJ determined that Dr. Hayes' report was unreliable as well."). As discussed above, the ALJ properly discounted Plaintiff's symptom testimony and could therefore properly discount Dr. Cantrell's opinion as well to the extent she relied on Plaintiff's self-reports which the ALJ has given little weight.

Accordingly, the ALJ properly identified several specific and legitimate reasons, supported by substantial evidence, for giving Dr. Cantrell's medical opinion slight weight.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 5th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge